UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ROGELIO CISNEROS, *an individual*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| THE LAW OFFICES OF MITCHELL D. BLUHM AND ASSOCIATES, LLC, d/b/a MBA LAW, *a Georgia limited liability company*, | ) ) ) ) |
| | ) |
| Defendant. | ) |

COMPLAINT

INTRODUCTION

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendant violated said Act by, among other things, attempting to collect an alleged debt from Plaintiff which, according to Florida law, Defendant was not lawfully permitted to collect.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

3. There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

4. The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's mistaken

interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352-53 (11th Cir. 2009).

5. The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *Id*.

6. The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Id*. at 1175-76.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

8. Venue is proper in this judicial district because the Defendant engaged in unlawful collection activity in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

PARTIES

9. Rogelio Cisneros ("Plaintiff") is a natural person and resident of Glenwood, Florida. Glenwood is located in Volusia County.

10. Plaintiff, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

11. The Law Offices of Mitchell D. Bluhm and Associates, LLC ("Defendant") is a Georgia limited liability company whose principal place of business is 3400 Texoma Parkway, Suite 100, Sherman, TX 75090, and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

12. Defendant, through the mailing of debt collection letters and other means of interstate commerce, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Neither of Defendant's member attorneys, Mitchell D. Bluhm nor Robert B. Ridgeway, are licensed to practice law in the state of Florida.

14. The Law Offices of Mitchell D. Bluhm and Associates, LLC is not licensed as a consumer collection agency in the state of Florida.[1]

---

[1] For the purpose of semantic accuracy, the FCCPA utilizes the word *register* and/or *registration*. The words *license* or *licensure* in the instant Complaint are intended to convey the same meaning per the aforementioned statute.

## FACTUAL ALLEGATIONS

15. At some point in October of 2014, Plaintiff had occasion to receive medical treatment from Emergency Physician Solutions of South Florida, LLC, a Florida limited liability company located in Plantation, Florida.

16. According to Defendant, at some point thereafter, an allegedly delinquent balance of $1216.00 associated above-referenced medical treatment was acquired by CF Medical, LLC and subsequently placed with Defendant for collection.

17. As the only plausible cause of action against Plaintiff for recovery of the alleged debt would be account stated or quantum meruit/unjust enrichment, the statute of limitations for the alleged debt referenced herein is four (4) years, as stated in Fla. Stat. 95-11(3)(k). *Swafford v. Schweitzer*, 906 So. 2d 1194, 1195 (Fla. Dist. Ct. App. 2005) ("The statute of limitations on a claim for unjust enrichment is four years. § 95.11(3)(k), Fla. Stat. (1999)."); *Farley v. Chase Bank, NA*, 37 So. 3d 936, 937 (Fla. Dist. Ct. App. 2010). ("The cause of action for an account stated is based on the agreement of the parties to pay the amount due upon the accounting, and not any written instrument.).

18. In an attempt to collect the allegedly delinquent debt, Defendant, on or about April 12, 2019, sent Plaintiff a debt collection letter advising Plaintiff that Defendant had been retained to collect the alleged debt of $1216.00, and offered Plaintiff "30% off the balance" to "resolve this account."

19. Defendant's debt collection letter made no mention that the alleged debt was beyond Florida's applicable four-year statute of limitations or that partial payment of the alleged debt may renew the applicable statute of limitations.

20. Defendant's debt collection letter also made no mention that Defendant, an out-of-state law firm with no attorney licensed to practice law in Florida, is prohibited under Fla. Stat. § 559.553(1) from doing business in Florida as a consumer collection agency.

21. At no time relevant herein did Defendant have the legal authority to collect or attempt to collect, directly or indirectly, any consumer debt in the state of Florida.

22. Defendant's collection activities against Plaintiff constitute a misdemeanor of the first degree under Florida law. Fla. Stat. § 559.785.

COUNT I
VIOLATIONS OF THE FDCPA
15 U.S.C. §§ 1692e, 1692e(5), 1692e(10)

23. Plaintiff incorporates paragraphs 1 through 22 as if fully set forth herein.

24. Section 1692e of the FDCPA prohibits "false, deceptive, or misleading" behavior, including using "false representation or deceptive means to collect or attempt to collect any debt." Id. § 1692e(10). Section 1692e(5) prohibits a debt collector from threatening to take *action that cannot legally be taken* or that is not intended to be taken. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).

25. A person may not engage in business in the State of Florida as a consumer collection agency or continue to do business in the State of Florida as a consumer collection agency without first registering as such, and thereafter maintaining a valid registration. *See* Fla. Stat. § 559.553(1). A violation of state law may, as is the case here, be a violation of the FDPCA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,' . . . under state law, will also constitute FDCPA violations."). *See also Ambroise v. Am. Credit Adjusters, LLC,* No. 15-22444-CIV, 2016 WL 6080454, at *2 (S.D. Fla. Mar. 22, 2016)

("Plaintiff's Complaint adequately states a claim for statutory damages pursuant to the FDCPA based on Defendant's attempt to collect on a debt while failing to register with the Florida Office of Financial Regulation.").

26. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10) by attempting to collect a consumer debt in the State of Florida *without first obtaining and thereafter maintaining a valid registration*. By attempting to collect debt in the State of Florida without first registering as a consumer collection agency, Defendant was engaged in actions that could not legally be taken. Defendants' failure to disclose that it was not licensed to collect debt in the State of Florida (and therefore prohibited from doing so) constitutes false, deceptive, or misleading representation made in connection with the collection of debt. *Lee v. McCarthy*, 297 F. Supp. 3d 1343 (S.D. Fla. 2017).

27. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendant for:

a. Statutory damages in the amount of $1,000 dollars;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

COUNT II
VIOLATIONS OF THE FDCPA
15 U.S.C. §§ 1692e, 1692e(2)(A)

28. Plaintiff incorporates paragraphs 1 through 22 is if fully set forth herein.

29. The enforceability of a debt is crucial to its character and legal status and that a debt collector violates the FDCPA when it fails to disclose in a dunning letter that the debt it seeks to collect is no longer enforceable. Framing a dunning letter in terms of settlement or, in this case, a discounted offer to "resolve the debt" exacerbates its violative effect because such an offer falsely implies that the underlying debt is enforceable in court. *See Palmer v. Dynamic Recovery Solutions, LLC*, No. 6: 15-cv-59-Orl-40KRS (M.D. Fla. May 4, 2016).

30. The proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable . . . is straightforward under the statute. Section 1692e(2)(A) specifically prohibits the false representation of the character or legal status of any debt. Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA.

31. Moreover, Defendant's failure to advise partial payment of a time-barred debt would likely reset the applicable statute of limitations violates the FDCPA as well. An unsophisticated consumer who could not afford the full balance might assume from Defendant's debt collection letter that payment of a reduced amount to "resolve the debt" would be advisable, not knowing that under state law a partial payment would restart the statute-of-limitations clock on the entire debt. "Without disclosure, a well-meaning debtor could inadvertently dig herself into an even deeper hole." (citing Debt Collection (Regulation F), 78 Fed. Reg. 67,876 (Nov. 12, 2013) ("[C]onsumers may believe that when they make a partial payment on a time-barred debt they have only obligated themselves in the amount of the partial payment but in many circumstances that is not true.")).

32. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendant for:

a. Statutory damages in the amount of $1,000 dollars;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

### JURY DEMAND

33. Plaintiff demands trial by jury.

Dated: May 22, 2019

Respectfully submitted,

s/ *Scott D. Owens*
Scott D. Owens, Esq.
**SCOTT D. OWENS, P.A.**
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
*scott@scottdowens.com*